**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC G. COUTHEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A04-1302-CR-65 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-0801-FA-106

**September 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Eric Couthen appeals the sentence imposed by the trial court following the revocation of his probation. We affirm.

In January 2008, the State charged Couthen in Vigo Superior Court with Class A felony possession of a destructive device or explosive, Class C felony intimidation, and two counts of Class A misdemeanor invasion of privacy. Couthen pleaded guilty to the intimidation charge pursuant to a plea agreement in which the State agreed to dismiss the remaining charges. The agreement also provided that the State would recommend an eight-year sentence, with six years executed and two years suspended to probation. The trial court accepted the plea, entered judgment of conviction, and sentenced Couthen to eight years, with six years executed and two years suspended to probation.

Couthen began his probation in May 2011. In September 2011, the State filed a notice of probation violation, alleging he had been charged with new crimes while on probation. Couthen appeared for a hearing in October 2011. The court informed him of the allegations, appointed counsel, and set the next hearing for January 2012. Couthen failed to appear for the January 2012 hearing, and a bench warrant was issued.

Couthen was arrested in April 2012 and appeared for a hearing. There, the parties agreed the State would amend the allegations to include failure to report to the probation department; Couthen would admit he failed to report, be released from custody, and be ordered to report to his probation officer after resolution of a matter pending in Johnson County; and the parties would then proceed to disposition for the probation violation. Couthen was aware that the State's recommendation would "obviously depend[ ] upon

2

how he does and reports." Tr. p. 26. The court granted the motion to amend, Couthen admitted he failed to report, and a dispositional hearing was set for June 4, 2012.

On that date, Couthen failed to appear, and his probation officer noted that Couthen was scheduled to appear in court in Johnson County on the same day. The Vigo Superior Court continued the matter to June 18, 2012. On June 18, Couthen failed to appear yet again, and the court was informed that he had failed to appear for his June 4 Johnson County hearing and that a warrant had thus been issued. The Vigo Superior Court issued a bench warrant.

In December 2012, Couthen was arrested and appeared for a hearing. The State recommended a one-year executed sentence, and Couthen asked for time served. The trial court ordered an updated presentence investigation report and continued the matter to January 2013.

At the January 2013 hearing, the State noted that the presentence investigation report reflected a "fairly significant adult criminal history." Id. at 71. Further noting Couthen's "failure to bring himself into compliance, despite being given numerous chances over a significant period of time," id. at 72, the State asked the court to order him to serve the entire two years that were previously suspended. Couthen again asked for time served. The court revoked Couthen's probation and ordered the entire previously-suspended sentence to be executed.

The sole issue presented in this appeal is whether the trial court abused its discretion by ordering Couthen to serve his entire previously-suspended sentence.

3

A trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. A trial court may order execution of all or part of a suspended sentence upon a violation of probation. Ind. Code § 35-38-2-3(g)(3) (2010).

The trial court's statement while imposing Couthen's sanction reflects his poor behavior while on probation. There, the court noted his multiple failures to appear in this case, his convictions in Terre Haute City Court for possession of marijuana and driving while suspended, his then-pending charge in Johnson County for purchasing more than 3.6 grams of ephedrine or pseudoephedrine, and the several warrants issued for his arrest from all three courts. We also note Couthen has admitted violating his probation at least four times in the past.

Couthen nonetheless argues his 2008 plea agreement provides the basis for a lesser sanction. Specifically, he claims the State essentially modified that contract by recommending only a one-year executed sentence at his December 2012 hearing, and thus, his argument continues, the trial court abused its discretion by imposing more than one year.[1]

There are several defects in this argument, only one of which is necessary to note here. The State's recommendation on Couthen's probation violation sanction has nothing

---

[1] Couthen says nothing about the State increasing its recommendation to two years upon reviewing his presentence investigation report at the January 2013 hearing.

to do with his plea agreement. It was just that—a recommendation—and in no way binding on the trial court.

We therefore conclude that the trial court did not abuse its discretion by imposing Couthen's entire previously-suspended sentence upon the revocation of his probation.[2]

Affirmed.[3]

RILEY, J., and BRADFORD, J., concur.

---

[2] Couthen also invokes Indiana Appellate Rule 7(B) and argues that the trial court's imposition of his previously-suspended sentence was inappropriate. He asks us to revise the trial court's sanction downward. Review and revision of sentences pursuant to Rule 7(B), however, does not apply to sanctions imposed in probation revocation proceedings. Prewitt, 878 N.E.2d at 188 (whether court's sanction is inappropriate in light of nature of offense and character of offender "is not the correct standard to apply when reviewing a sentence imposed for a probation violation").

[3] Couthen further cites the federal and state constitutional provisions prohibiting cruel and unusual punishment but provides no corresponding analysis or argument. The issue is therefore waived.